**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WEBSTER AVENUE CVS, INC.<br>d/b/a CVS Pharmacy<br>131 Webster Avenue<br>Providence, Rhode Island 02909<br><br>Plaintiff<br>v.<br><br>COMMERCIAL ELECTRICAL<br>CONTRACTORS, INC.<br>975 Millbury Street<br>Worcester, Massachusetts 01607<br><br>Defendant | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>CA 06 377S |

**COMPLAINT**

NOW COMES Plaintiff, Webster Avenue CVS, Inc. d/b/a CVS Pharmacy (hereinafter "CVS"), by and through their undersigned counsel, and hereby demands judgment against defendant, Commercial Electrical Contractors, Inc., (hereinafter "CEC"), and in support thereof aver as follows:

1. Plaintiff, CVS, is a corporation duly organized and existing under the laws of Rhode Island, having a principal place of business located at 131 Webster Avenue, Providence, Rhode Island 02909 and a subsidiary of CVS Pharmacy, Inc.

2. Defendant, CEC, is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 975 Millbury Street, Worcester, Massachusetts 01607.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of One Million Dollars ($1,000,000.00) and there is diversity of citizenship between plaintiff and defendant.

4. Venue in this action is in the District of Rhode Island pursuant to 28 U.S.C. § 1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference each and every allegation set forth above and below as fully as if recited herein at length.

6. Prior to March 14, 2005 and at all times relevant hereto CVS operated a pharmacy located at 131 Webster Avenue, Providence, Rhode Island, (hereinafter "the store") .

7. At all times relevant hereto, Defendant CEC was in the business of, inter alia, designing, installing, maintaining and servicing electrical systems for residential, industrial, service and commercial markets.

8. On or about March 13, 2005, CEC was dispatched to the store to investigate a burning odor believed to be coming from a fluorescent light fixture in the rear of the store.

9. On or about March 14, 2005, a fire originated in a fluorescent light fixture in the rear of the store causing extensive damage to property owned by CVS.

10. The aforementioned fire and resulting damage was caused by the defendant CEC's negligence, gross negligence, carelessness and negligent acts and/or omissions.

## COUNT I

## NEGLIGENCE
## PLAINTIFF v. CEC

11. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

12. The aforementioned fire and the subsequent loss and damage to CVS's property was a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of the defendant, its employees, agents and/or servants, acting

within the course and scope of their employment, both in general and in the following particulars:

(a) failing to properly and adequately service the light fixture at the premises;

(b) failing to properly and adequately perform, manage, supervise or inspect its work at the premises;

(c) failing to hire proper and adequate employees, agents and/or contractors;

(d) failing to perform its work at the premises in conformity with good practice, industry standards and due care;

(e) failing to properly warn plaintiff of the defective conditions of the light fixture, which they knew, or should have known, existed at the premises and creating an unreasonable risk of harm to plaintiff's property;

(f) failing to properly and adequately perform its services, and/or complete the work

(g) failing to act with reasonable care under the circumstances so as to protect the premises from fire;

(h) failing to diagnose problems related to the light fixture;

(i) failing to notify plaintiffs of the defective condition of the light fixture in violation of the reasonable standard of care in the industry;

(j) failing to make the necessary corrections and adjustments to the light fixture; and

(k) otherwise failing to act with due care under the circumstances.

13. As a direct and proximate result of the aforesaid gross negligence, negligence, carelessness and negligent acts and omissions of the defendant, the aforementioned fire occurred causing substantial damage and destruction to the real and personal property of CVS.

WHEREFORE, Plaintiff CVS demands judgment against the Defendant in excess of One Million Dollars ($1,000,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

**COUNT II**

**BREACH OF WORKMANLIKE PERFORMANCE**
**PLAINTIFF v. CEC**

14. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

15. By agreeing to perform the service and repair work at the store and accepting payment for same, defendant expressly and/or impliedly warranted that work would be performed in a good and workmanlike manner.

16. The defendant breached the aforesaid express and/or implied warranties by failing to recognize the dangerous conditions of the light fixture, and to inform plaintiff of the same.

17. As a direct and proximate result of the breach of the aforementioned warranties, the light fixture malfunctioned, resulting in a fire that caused severe and extensive damage and destruction to plaintiff's property.

WHEREFORE, Plaintiff CVS demands judgment against the Defendant in excess of One Million Dollars ($1,000,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

**COUNT III**

**BREACH OF CONTRACT**
**PLAINTIFF v. CEC**

18. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

19. CVS entered into a valid, enforceable contract with Defendant CEC for the maintenance, servicing and repair of the electrical systems and fixtures at the subject store.

20. Defendant CEC breached the contract with CVS in failing to properly maintain, service and repair the light fixture in conformity with the requirements of the contract; and was thereby in material breach of its contract duties to properly perform and inspect its work.

21. As a direct and proximate result of the aforementioned material breaches of contract, the light fixture malfunctioned, resulting in a fire that caused severe and extensive damage and destruction to plaintiff's property.

WHEREFORE, Plaintiff CVS demands judgment against the Defendant in excess of One Million Dollars ($1,000,000.00) together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY:________________________

Marco P. Uriati, 5561
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000
Attorneys for Plaintiffs

OF COUNSEL:

VINCENT R. McGUINNESS
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2097

PHILADELPHIA\2636032\1 164514.000