**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WEBSTER AVENUE CVS, INC.<br>d/b/a CVS Pharmacy<br><br>Plaintiff | : | CIVIL ACTION NO. 06-CV-377S |
| v. | : | JURY TRIAL DEMANDED |
| COMMERCIAL ELECTRICAL<br>CONTRACTORS, INC.<br><br>Defendant | : | |

**PLAINTIFF WEBSTER AVENUE CVS, INC.'S PRETRIAL CONFERENCE STATEMENT**

This is a property subrogation matter involving a fire at the CVS Pharmacy located at 131 Webster Avenue, Providence, Rhode Island ("the store").

**SUMMARY OF FACTS**

On March 13, 2005, a burning odor, believed to be coming from a fluorescent light fixture, was detected in the rear area of the store. CVS personnel phoned the CVS "Fixx It" line and requested an electrician be sent out that day. Pursuant to a service agreement with CVS, Defendant, Commercial Electrical Contractors, Inc. ("CEC") was contacted and they dispatched electrician, Matthew McPhee to the store to investigate. McPhee arrived at approximately 8:30 p.m. on March 13, 2005. He turned the lights on and checked the back room and the electrical panel. McPhee claims he was at the store for a while, did not smell anything and everything appeared to be okay. He left and the store closed at approximately 10:00 p.m. At approximately 1:00 a.m. a call came into CVS corporate that the store was on fire. The Provident Fire Department investigated this loss and concluded the fire started as a result of an overheated ballast in the employee break room in the back of the building.

CVS attempted to negotiate a settlement with CEC prior to litigation. When this failed, CVS initiated the subject litigation bringing claims of negligence and breach of contract.

**NEGLIGENCE**

In this case, the defendant owed a duty of care to the plaintiff. The duty was to refrain from acting negligently with respect to plaintiff's safety and the safety of its property. More specifically, the CEC owed CVS a duty to diagnose the problem with the subject light fixture and then to properly and adequately inspect, correct and adjust the light fixture so that it did not pose a threat to plaintiff's property. CEC failed to perform its work in conformity with good practice, industry standards and due care. CEC failed in its duty to warn plaintiff of the defective conditions of the light fixture which they knew or should have known existed at the store. In failing to act with reasonable care and to properly and adequately service the light fixture the defendant left the premises vulnerable to fire. CEC's negligence was the direct and proximate cause of the fire at the store.

**SUPPORTIVE AUTHORITY**

Montuori v. Narragansett Electric Co., 418 A.2d 5 (1980). *(Duty of Care)* Hueston v. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986). *(Standard of Care Required)* Wells v. Uvex Winter Optical, Inc., 635 A.2d 1188 (R.I. 1994); Ouellette v. Carde, 612 A.2d 687 (1992); Schenck v. Roger Williams General Hospital, 119 R.I. 510, 382 A.2d 514 (1978); Restatement (Second) of Torts, § 433 (1965). *(Proximate Cause)*

**BREACH OF WORKMANLIKE PERFORMANCE**

In addition to the negligence claim, CVS has also asserted a breach of workmanlike performance claim against defendant, CEC. At the time of the subject loss, CVS had a valid contract with CEC for the service and repair of electrical equipment and fixtures. By agreeing to perform the service and repair work at the store and accepting payment for same, CEC expressly

and/or impliedly warranted that the work would be performed in a good and workmanlike manner. CEC breached the aforesaid express and/or implied warranties by failing to recognize the dangerous conditions of the light fixture, and to inform CVS of the same. As a direct and proximate result of the breach of the aforesaid warranties, the light fixture malfunctioned, resulting in a fire that caused severe and extensive damage and destruction to CVS's property.

**SUPPORTIVE AUTHORITY**

Smith v. Boyd, 553 A.2d 131 (R.I. 1989); Lamoureux v. Burrillville Racing Association, 91 R.I. 94, 161 A.2d 213 (1960). Crellin Technologies v. Equipment Lease Corp., 18 F.3rd 1 (1st Cir. 1994); In re: New Plaza Associates, 985 F.2d 640 (1st Cir. 1993); Bina v. Providence College, 844 F. Supp. 77 (D.R.I. 1994); aff'd. 39 F.3rd 21 (1st Cir.); cert. den., 115 S. Ct. 1406 (1995). Kenney Manufacturing Co. v. Starkweather & Shepley, Inc. 643 A.2d 203 (R.I. 1994); Ardente v. Horan, 117 R.I. 254, 366 A.2d 162 (R.I. 1976); Restatement (Second) of Contracts, § 69(c)(1981). *(Contract Claim)* National Education Assocation-Rhode Island by Scigulinsky v. Retirement Board of Rhode Island Employees Retirement System, 890 F. Supp. 1143 (D.R.I. 1995); Hayes v. Plantation Steel Co., 438 A.2d 1091 (R.I. 1982) *(Implied Contract and Consideration)* A and B Construction, Inc. v. Atlas Roofing & Skylight Co., 867 F.Supp. 100 (D.R.I. 1994); Marshall Contractors, Inc. v. Brown University, 692 A.2d 665 (R.I. 1997); Bailey v. West, 105 R.I. 61, 249 A.2d 414 (1969); (Implied Contract) Flanders & Medeiros, Inc. v. Bogosian, 868 F. Supp. 412, affirmed in part, reversed in part, 65 F.3d 198 (1st. Cir. 1995); Hayes v. Plantations Steel Co., 438 A.2d 1091 (R.I. 1982) *(Consideration).*

[Signatures on following page]

________/s/_____________
Vincent R. McGuinness
*(Pro Hac Vice)*
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215-665-2097

and

______/s/_________________
Marco Uriati
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
Ten Weybosset Street
8th Floor
Providence, RI 02903
401-521-7000
401-521-1328- fax
Rhode Island Bar ID #5561
Attorneys for Plaintiff Webster Avenue CVS Pharmacy, Inc. d/b/a CVS Pharmacy

Dated: November 27, 2006

# CERTIFICATION

I, Vincent R. McGuinness, attorney for Webster Avenue CVS, Inc. d/b/a CVS Pharmacy hereby certify that I am duly authorized to make this certification; that on the 27th day of November 2006, I did cause a true and correct copy of Plaintiffs' Pretrial Written Statement to be sent via electronic case filing and United States, First Class Mail, postage pre-paid, to all counsel as follows:

Mark Dolan, Esquire
RICE DOLAN & KERSHAW
The Union Trust Building
Suite 900
170 Westminster Street
Providence, RI 02903
401-272-8800
Counsel for Defendant Commercial Electrical Contractors, Inc.

Marco Uriati
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
Ten Weybosset Street
8th Floor
Providence, RI 02903
401-521-7000
Local Counsel for Plaintiff Webster Avenue CVS, Inc. d/b/a CVS Pharmacy

/s/
Vincent R. McGuinness