**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WEBSTER AVENUE CVS, INC. d/b/a CVS Pharmacy<br><br>Plaintiff<br><br>v.<br><br>COMMERCIAL ELECTRICAL CONTRACTORS, INC.<br><br>Defendant | CIVIL ACTION NO. 1:06-cv-00377-S-DLM<br><br>JURY TRIAL DEMANDED<br><br>**JOINT PRETRIAL MEMORANDUM** |

## A. CLAIMS AND DEFENSES

### 1. PLAINTIFF'S INTENDED CLAIMS

On March 13, 2005, CVS store employees smelled a burning odor that emanated from a fluorescent light fixture in the break room of the CVS store on Webster Avenue in Providence, Rhode Island. Defendant, Commercial Electrical Contractors, Inc. ("CEC") was contacted by CVS and they dispatched an electrician, Matthew McPhee to the store to investigate. Mr. McPhee failed to properly investigate the problem that the CVS store was having with its light fixture. As a result, a dangerous electrical condition of the light fixture was not discovered and remedied. Later that same night, a fire erupted in the CVS store. The fire was caused by an electrical failure of the light fixture. As a result of the failure of CEC and its employee Mr. McPhee to remedy the dangerous situation, a fire was allowed to occur causing extensive damages, totaling $1,232,056. CVS intends to present claims for negligence and breach of the warranty of workmanlike performance against the defendant.

## a. PLAINTIFF'S WITNESSES

1. Joseph Dorsey, Fire Marshal
   Providence Arson Prevention Unit
   - fire cause and origin investigation, fact and expert

2. Joseph P. Mirza, Assistant Chief
   Providence Fire Department
   - officer in charge of scene, fact and expert

3. David W. Williams, Lieutenant
   Providence Fire Department
   - prepared fire report, fire cause and origin investigation, fact and expert

4. Thomas Haynes
   Crawford Investigation Service
   - fire cause and origin investigation for CVS, expert

5. Andy Williams, P.E.
   GAI Engineers
   - fire cause/ electrical engineering investigation for CVS, expert

6. Steven Lewinstein
   Capstone Properties
   - Landlord regarding building

7. Oscar Savigni
   CVS Pharmacy - Facilities Manager for the area
   - damages

8. George Ashley
   CVS Pharmacy - District Manager
   401-743-3068
   - damages

9. Nancy Cardenas
   CVS Pharmacy
   Asst. Store Manager at time of fire and when electricians were at store

10. Rene Warner
    CVS Pharmacy
    - store manager that placed call for electrical contractor to come and investigate report of odd smell in store

11. Arthur Lupien
 - CVS employee in store prior to fire

12. Cia Tucci
 - CVS employee regarding policies

13. Pauline Lanctot
 - CVS employee regarding maintenance/service information

14. James Sullivan
 - CVS employee regarding procurement/contracts

15. John Tellier
 - CVS employee regarding construction

16. Richard Carnegie
 CVS Asset Protection Services
 - fire/burglar alarm system at CVS

17. Matthew McPhee
 - Defendant CEC regarding work at the CVS store

18. Dan Kobus
 - Defendant CEC regarding work at the CVS store and company policies/procedures/standards
 - Corporate Designee

19. Ms. Ann O'Brien
 Property Claims Administrator
 - Damages - Property Claims Administrator

20. Mr. Rocco M. Bianchi
 Bianchi & Associates, Inc.
 - Damages - Outside adjuster retained by CVS, fact and expert

21. Ms. Jean Lehman
 Hagen, Streiff, Newton & Oshiro Accountants, P.C.
 - Damages - Forensic accountant for inventory and business interruption, fact and expert

22. Mr. Howard Nickerson
 Stoner & Co.
 - Salvage/Product inventory, fact and expert

23. RGIS Inventory Specialists
 - Salvage/Product inventory, fact and expert

24. Arthur Sarcione
 - Construction Loss Consultant

25. William Starck Associates, Inc.
 - Structural Analysis and architectural services, fact

26. AirCare Environmental Services, Inc.
 - Fire restoration and cleaning

27. AFA Protective Systems, Inc.
 - fire and burglar alarm and CCTV installation

28. Ted's Construction
 - Demolition, Structural repairs and roofing

29. Cleanway
 - emergency cleaning services

30. Advanced Alarm Systems
 - repair roof hatch

31. Key Engineering
 - install temp service

32. Strategic Flooring
 - damages assessment and work

33. York International
 - inspection of RTU's at store post-fire

All of Plaintiff's witnesses will attend in person. Plaintiff reserves the right to call any witnesses listed by the defense. Further, Plaintiff reserves the right to call rebuttal witnesses not listed as allowed by leave of Court. Plaintiff further reserves its right to modify this list prior to trial.

## 2. DEFENDANT'S INTENDED DEFENSES

Commercial Electrical Contractors Inc. will show that the actions of its employee electrician, Matt McPhee, on the date of the fire were reasonable and consistent with the pertinent standard of care. When Mr. McPhee arrived at the store in question, there was no unusual smell. He conducted a comprehensive examination and evaluation of the interior of the

premises, and found no source for such a smell. On departure, Mr. McPhee instructed CVS personnel that should the smell return to call the fire department. The evidence will show that the CVS Store Manager had been reprimanded by CVS prior to the date of the incident for calling on a prior unrelated matter. For that reason, she failed to call the fire department when she should have when the smell was in existence.

CEC will also show that if Mr. McPhee had conducted and even more extensive investigation, as claimed by CVS, he would not have and could not have located the ultimate source of the fire. Through experts, CEC will prove that the fire was the result of a malfunctioning electrical wire above the ceilings of the bathrooms and/or breakroom in the rear area of the store. No investigation or examination could have uncovered such a defect.

Finally, CEC will show that at the time of the incident, the CVS store in question was in violation of the pertinent Rhode Island Fire Safety Code. Specifically, the code required a fire alarm system with various components not in place at the store. Through expert testimony, CEC will show that if the requisite fire alarm system had in fact been in place to a reasonable degree of certainty, the fire department would have been alerted to the fire well prior to any significant damage.

**a. DEFENDANT'S WITNESSES**

1. Matthew McPhee
   Commercial Electrical Contractors, Inc.
   - CEC electrician on call prior to fire, fact witness

2. Dan Kobus
   Commercial Electrical Contractors, Inc.
   - CEC corporate designee re: policies and procedures, and current Service Manager

3. Vincent P. Calenda, CFE, CFEI
   EFI Global
   - Forensic Fire Investigator, cause and origin expert

4. Joseph A. Cristino, P.E.
Cristino Associates, Inc.
- electrical engineering expert

5. David P. Demers, P.E.
Demers Associates Inc.
- fire code expert

6. Michael Petit
The Grid Corp.
- electrical contractor expert

7. James E. Crabtree, P.E.
Affiliated Engineering Laboratories, Inc.
- electrical engineering expert

8. Richard J. Daken, MSEE, P.E.
Rimkus Consulting Group, Inc.
- electrical engineering expert

9. Frank A. Valenti, CFI
Rimkus Consulting Group, Inc.
- Forensic Fire Investigator, cause and origin expert

10. Ron Beaumier
C&L Builders
- construction expert re: damages

All of Defendant's witnesses will attend in person. Defendant reserves the right to call any witnesses listed by the plaintiff. Further, Defendant reserves the right to call rebuttal witnesses not listed as allowed by leave of Court. Plaintiff further reserves its right to modify this list prior to trial.

**B. SUPPORTING LAW**

SEE PLAINTIFF'S MEMORANDUM OF SUPPORTING LAW AT EXHIBIT 1 AND DEFENDANT'S MEMORANDUM OF SUPPORTING LAW AT EXHIBIT 2.

**C. EXHIBITS**

**1. PLAINTIFF**

1. Providence Fire Department Report – CVS0010-14

2. Providence Fire Department Documentation from Subpoena
3. Providence Police Department Documentation from Subpoena
4. Providence Dep't of Communication Documentation from Subpoena
5. Diagram of Store [Warner – Exhibit A]
6. CEC Invoice 77689 for 3/13/05 [McPhee – Exhibit 1]
7. Dispatch Confirmation [McPhee – Exhibit 2]
8. 1/1/05 Service Agreement between CVS and CEC [Kobus – Exhibit 4, CVS0015-26, 29-35]
9. CFR 1926 Fire Protection Document [Kobus – Exhibit 5]
10. CEC Work Order 3/1/2004 [Kobus – Exhibit 6]
11. Lease - CVS0036-67
12. AFA Agreement and documentation
13. CVS Asset Protection Services documentation regarding alarm monitoring
14. Loss Scene Photographs
15. Evidence Photographs
16. Pre-Loss Photographs
17. Pre-Loss building condition support documents and diagrams
18. Damage Support Documents and Photographs
19. Physical Evidence
20. Demonstrative Exhibits
21. Electronic Version on prior Exhibits

Plaintiff reserves the right to admit into evidence any exhibit listed by the defense. Further, Plaintiff reserves the right to present rebuttal exhibits not listed as allowed by leave of Court and to present a response prior to trial to any objection listed by Defendant herein to any of Plaintiff's exhibits. Plaintiff further reserves it right to modify this list prior to trial.

2. **DEFENDANT**

1. Loss Scene Photographs

2. Evidence Photographs

3. 1/1/03 Service Agreement between CVS Pharmacy, Inc. and Simplex Grinnell [Sullivan – Exhibit B]

4. CVS 1688 – Work Order – Vendor Simplex Grinnell [Sevigny – Exhibit A]

5. CVS Store Management Development, Phase 1, Training Program [Tucci – Exhibit A]

6. CVS Operations Manual – Fixx Line [Tucci – Exhibit B]

7. CVS Operations Manual – Backroom and Excess Stock Organization [Tucci – Exhibit C]

8. CVS Operations Manual Update Schedule [Tucci – Exhibit D]

Defendant reserves the right to admit into evidence any exhibit listed by the plaintiff. Further, Defendant reserves the right to present rebuttal exhibits not listed as allowed by leave of Court and to present a response prior to trial to any objection listed by Plaintiff herein to any of Defendant's exhibits. Defendant further reserves its right to modify this list prior to trial.

**D. <u>ANTICIPATED MOTIONS IN LIMINE AND PROPOSED FILING DATE</u>**

Plaintiff does not anticipate any motions in limine at this point. However, Plaintiff reserves its right to file Motions in Limine on or before January 31, 2008.

Defendant does not anticipate any Motions in Limine at this point. However, Defendant reserves the right to file Motions in Limine.

**E. <u>PROPOSED JURY INSTRUCTIONS AND JURY VERDICT FORM</u>**

Parties will file proposed jury instructions and jury verdict form under separate caption.

**F. <u>PROBABLE LENGTH OF TRIAL</u>**

The parties anticipate the trial will consist of 12-15 days of trial

Submitted by:

The Plaintiff,
WEBSTER AVENUE CVS, INC.
Pharmacy, Inc.
By its Attorneys,

s/Erick Kirker
Vincent R. McGuinness
Appearing *pro hac vice*
Cozen O'Connor
1900 Market Street
Philadelphia PA 19103
(215) 665-2000

AND

s/John Moretta
Roberts, Carroll, Feldstein & Peirce
Rhode Island Bar ID #5561
Ten Weybosset Street
8th Floor
Providence, RI 02903
401-521-7000
Attorney for Plaintiff

The Defendant,
COMMERCIAL ELECTRICAL d/b/a CVS CONTRACTORS, INC.
By its Attorneys,

s/ Mark Dolan
Mark Dolan (R.I. Bar #3280)
Rice Dolan & Kershaw
The Aldrich Building
Suite 300
72 Pine Street
Providence, RI 02903
401-272-8800

Dated: 1/7/08