# EXHIBIT 1

## PLAINTIFF'S MEMORANDUM OF SUPPORTING LAW

## NEGLIGENCE

In this case, the defendant owed a duty of care to the plaintiff. The duty was to refrain from acting negligently with respect to plaintiff's safety and the safety of its property. More specifically, the CEC owed CVS a duty to diagnose the problem with the subject light fixture and then to properly and adequately inspect, correct and adjust the light fixture so that it did not pose a threat to plaintiff's property. CEC failed to perform its work in conformity with good practice, industry standards and due care. CEC failed in its duty to warn plaintiff of the defective conditions of the light fixture which they knew or should have known existed at the store. In failing to act with reasonable care and to properly and adequately service the light fixture the defendant left the premises vulnerable to fire. CEC's negligence was the direct and proximate cause of the fire at the store.

## SUPPORTIVE AUTHORITY

Montuori v. Narragansett Electric Co., 418 A.2d 5 (1980). *(Duty of Care)* Hueston v. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986). *(Standard of Care Required)* Wells v. Uvex Winter Optical, Inc., 635 A.2d 1188 (R.I. 1994); Ouellette v. Carde, 612 A.2d 687 (1992); Schenck v. Roger Williams General Hospital, 119 R.I. 510, 382 A.2d 514 (1978); Restatement (Second) of Torts, § 433 (1965). *(Proximate Cause)*

## BREACH OF WORKMANLIKE PERFORMANCE

In addition to the negligence claim, CVS has also asserted a breach of workmanlike performance claim against defendant, CEC. At the time of the subject loss, CVS had a valid contract with CEC for the service and repair of electrical equipment and fixtures. By agreeing to perform the service and repair work at the store and accepting payment for same, CEC expressly

and/or impliedly warranted that the work would be performed in a good and workmanlike manner. CEC breached the aforesaid express and/or implied warranties by failing to recognize the dangerous conditions of the light fixture, and to inform CVS of the same. As a direct and proximate result of the breach of the aforesaid warranties, the light fixture malfunctioned, resulting in a fire that caused severe and extensive damage and destruction to CVS's property.

**SUPPORTIVE AUTHORITY**

Smith v. Boyd, 553 A.2d 131 (R.I. 1989); Lamoureux v. Burrillville Racing Association, 91 R.I. 94, 161 A.2d 213 (1960). Crellin Technologies v. Equipment Lease Corp., 18 F.3rd 1 (1st Cir. 1994); In re: New Plaza Associates, 985 F.2d 640 (1st Cir. 1993); Bina v. Providence College, 844 F. Supp. 77 (D.R.I. 1994); aff'd. 39 F.3rd 21 (1st Cir.); cert. den., 115 S. Ct. 1406 (1995). Kenney Manufacturing Co. v. Starkweather & Shepley, Inc. 643 A.2d 203 (R.I. 1994); Ardente v. Horan, 117 R.I. 254, 366 A.2d 162 (R.I. 1976); Restatement (Second) of Contracts, § 69(c)(1981). *(Contract Claim)* National Education Assocation-Rhode Island by Scigulinsky v. Retirement Board of Rhode Island Employees Retirement System, 890 F. Supp. 1143 (D.R.I. 1995); Hayes v. Plantation Steel Co., 438 A.2d 1091 (R.I. 1982) *(Implied Contract and Consideration)* A and B Construction, Inc. v. Atlas Roofing & Skylight Co., 867 F.Supp. 100 (D.R.I. 1994); Marshall Contractors, Inc. v. Brown University, 692 A.2d 665 (R.I. 1997); Bailey v. West, 105 R.I. 61, 249 A.2d 414 (1969); (Implied Contract) Flanders & Medeiros, Inc. v. Bogosian, 868 F. Supp. 412, affirmed in part, reversed in part, 65 F.3d 198 (1st. Cir. 1995); Hayes v. Plantations Steel Co., 438 A.2d 1091 (R.I. 1982) *(Consideration).*