# EXHIBIT 2

## DEFENDANT'S MEMORANDUM OF SUPPORTING LAW

### NEGLIGENCE

In this case, the violation of a statute is evidence of negligence.

### SUPPORTIVE AUTHORITY

1. Sitko v. Jastrazebski, 68 RI 207, 272, A.2d 178 (R.I. 1942);
2. Clements v. Tashjoin, 92 R.I. 308, 168 A.2d 472 (R.I. 1961);
3. Bandoni v. State, 715 A.2d 580 (R.I. 1998); (Flanders, J. dissenting);
4. Salcone v. Bottomley, 85 R.I. 264, 129 A.2d 634 (RI. 1957); and
5. Rossi v. Ronci, 63 R.I. 250, 7 A.2d 773 (R.I. 1939).

### ASSUMPTION OF THE RISK

Under Rhode Island law, assumption of the risk is an affirmative defense that, if proven, absolves a defendant of liability for having creation of an unreasonable risk.

In determining whether a plaintiff assumed a risk as a matter of law, the court must make a subjective examination of what the plaintiff knew at the time of the alleged incident.

### SUPPORTIVE AUTHORITY

1. Raimbeault v. Takeuchi Mfg. (U.S.) Ltd., 772 A.2d 1056, 1064 (R.I. 2001);
2. D'Allesandro v. Tarro, 842 A.2d 1063 (R.I. 2004);
3. Filosa v. Courtois Sand & Gravel Co., 590 A.2d 100 (R.I. 1991);
4. Drew v. Wall, 495 A.2d 229 (R.I. 1985);
5. Rickey v. Boden, 421 A.2d 539 (R.I. 1980); and
6. Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 376 A.2d 329 (R.I. 1977);

### R.I. Gen. Laws § 9-20-4. COMPARATIVE NEGLIGENCE

In all actions hereafter brought for personal injuries, or where personal injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property or persons having control over the property may not have been in the exercise of due

care shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured, or the owner of the property or person having control over the property.